
FILED
ASHEVILLE, N.C.
MAY 16 2011
U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 2:11cv13 |
| | ) | |
| v. | ) | |
| | ) | |
| GARY LANE BARNETT | ) | |

## CONSENT JUDGMENT

This matter comes before the Court upon the United States' complaint. The parties have reached an agreement and the Court being duly advised in the premises, now therefore,

The Court finds as follows:

1) That Defendant is indebted to the United States for unpaid restitution in the amount of $111,673 as the result of the defendant having committed Social Security Fraud, in violation of Title 18, United States Code, Section 408(a)(4).

2) That Defendant is currently without assets sufficient to pay the judgment in full as evidenced by his financial affidavit submitted herewith.

3) That it is in the best interests of the parties to enter into an installment agreement; now therefore,

**IT IS HEREBY ORDERED** that:

1) Judgment shall enter against **GARY LANE BARNETT** in the amount of $111,673.

2) Defendant agrees to pay the sum of $111,673 in equal monthly installments of $100.00 and continuing until the entire obligation has been paid in full; This agreement shall remain in force and effect until such time as the judgment is paid in full.

3) All payments shall be made by check or money order and shall be made payable to the SOCIAL SECURITY ADMINISTRATION with a notation of the debtor's name and case number.

Payments shall be mailed to:
United States Attorney's Office
227 W. Trade Street, Suite 1650
Charlotte, NC 28036
Attn: Financial Litigation Unit

After recording that payment has been received in accordance with this agreement, the U.S. Attorney's Office will forward payments to the **Social Security Administration, Debt Management Section, ATTN: DOJ Refund, PO Box 2861, Philadelphia, PA 19211.**

4) To the extent that Defendant is entitled to a federal tax refund or other federal payments said payment shall be subject to the Treasury Offset Program.

5) In addition to the monthly payments made pursuant to paragraph 2 of this agreement, 50% of any future payments received by the Defendant from the Social Security Administration will be applied towards the amount specified in paragraph 1, until the entire obligation has been paid in full.

6) Defendant shall submit complete annual financial information pursuant to the request of the United States.

7) Defendant shall maintain books and records sufficient to verify all financial information submitted to the United States.

8) All payments due hereunder are to be forwarded to the United States in such a manner as to be received by the United States on or before the due date of such payment.

9) The payment terms established hereunder are subject to modification upon material changes in Defendant's financial condition.

10) In the event that the United States does not receive any payment by close of business on the due date of the payment, or does not receive the financial information required by this agreement, the United States may take any action deemed necessary to collect the then outstanding full balance due from Defendant and not just the outstanding payment due.

11) In the event the United States does not receive any payment by the close of business on the due date of the payment, then in addition to the remedies provided in paragraph 9, interest at the standard federal judgment rate then in effect shall begin to accrue on the outstanding balance due on the debt.

12) In the event that Defendant's place of employment changes or Defendant's residence changes, then Defendant shall notify the United States of such change within five days of the change of employment or change of residence.

13) As long as Defendant is in compliance with all the terms of this agreement, and so long as there is not a material change in the defendant's financial condition, the United States shall not garnish Defendant's wages or bank accounts. In the event that there is a material change in the defendant's financial condition, the government's collection action shall be governed by the Federal Debt Collection Procedure Act (28 U.S.C. sec 3001 et seq) but the monthly payment set forth above in shall not be deemed as a cap on the government's collections.

_____
United States District Judge

## STIPULATION

The Undersigned parties stipulate to the entry of the above-stated order.

ANNE M. TOMPKINS
United States Attorney

By: _____                _____
Dana O. Washington                                  GARY LANE BARNETT
Assistant United States Attorney                    Defendant
State of Virginia Bar Number 31981
Attorney for the Plaintiff
227 West Trade Street, Suite 1650
Charlotte, NC 28202
704-338-3107 (Direct Line)
704-344-6629 (fax)
dana.washington@usdoj.gov